## SEYMOUR vs. COOLEY.

APPEAL from the court of the fourth district.

A parish judge, *as such*, cannot receive and certify a vendor's acknowledgment.

A private deed acquires no authenticity by being enregistered.

A patent dated in 1813, is a

MARTIN, J. delivered the opinion of the court. The plaintiff claims a tract of land, purchased from General Lafayette, to whom it had been granted by the United States, on the 25th of March, 1813. The defendant sets up a title

by conveyances in 1806 and 1809, from persons whose right was formally reported on by the land commissioners of the United States, on the 22d of March, 1816.

East'n. District.
*Feb.* 1825.

SEYMOUR
*vs.*
COOLEY.

superior title to a report of commissioners in 1816, in favor of a settler.

There was judgment for the plaintiff, and the defendant appealed.

The plaintiff produced the patent of the United States to General Lafayette, and his conveyance, as stated in the petition.

The defendant offered in evidence,

1. The copy of a private sale, by Mrs. Bougant, to him, of part of the premises. Under the sale, are two certificates from the judge of the county court, and a justice of the peace, attesting—the first, the possession of the vendor for twenty-five years; the second, that her late husband had a grant for thirty-five years; that he devised them to her, and that she possessed them till the sale. The parish judge certifies the acknowledgment of the sale by the vendor, and orders it to be recorded.

The reading of the sale was objected to; the objection overruled, and a bill of exceptions was taken.

The sale was a private one, and therefore required legal proof. Its acknowledgment, certified by the parish judge, would be evi-

East'n District.
Feb. 1825.

SEYMOUR
vs.
COOLEY.

dence; if acting in his capacity of a notary public, he had been attended by two witnesses, and had caused the vendor to subscribe his acknowledgment. As a judge, he was without authority to receive, or certify the vendor's acknowledgment.

The certificate of the judge of the county court over that of the justices, could not be received.

The certificate of the parish judge ordering the record, and the subsequent averring the fidelity of the copy, add nothing to the authority of the title. We think the judge erred in receiving the documents as evidence.

2. The copy of a sale made by the same person to the defendant of part of the premises.

It was objected to, because the execution of the deed was proven no otherwise than by a signature of the justice of the peace, before whom it purported to have been executed.

We think it ought not to have been received. The sale was a private one—the signature of the justice gave it no authority—and the act did not acquire any, by its being registered. *Marie Louise* vs. *Cauchoix*. 11 *Martin*, 243.

3. A copy of the report of the land commissioners of the United States was next introduced. Its date, March 22d, 1816. It is a fa-

vorable report of the defendant's claim to land purchased from Mrs. Bougant. It states that the claim had been before the late board, who had rejected part of it, on the ground that it had been abandoned by the late proprietor; the other part is said not to have been acted on, probably from oversight.

4. A list of claims favorably reported on, including the defendant's.

These two last documents we think were legal evidence. The copies are from the register of the land office; and their contents are pertinent to the case.

But the defendant is unable to connect his right, with that which he urges to result from the favorable report of the officers of the United States. Yet if this report shewed a complete right in another person, as it would shew a title out of the plaintiff and his grantee, the defendants possession could not perhaps be disturbed.

But the date of the report is of March, 1816, and the general's patent of the same month, 1813. Giving to the report the full effect of a complete grant, the grantors had no longer any interest to grant in the land.

It is therefore ordered, adjudged and de-

Seymour
  *vs.*
Cooley.

creed, that the judgment of the district court be affirmed, with costs.

*Derbigny*, for the plaintiff.